IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:09CR690  CDP |
| | ) |
| JOSEPH KETSENBURG | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now Joseph Ketsenburg, Defendant, by and through his attorney Lucy G. Liggett, Assistant Federal Public Defender, and files this memorandum in support of his objection to the presentence investigation report:

Joseph Ketsenburg objects to the assessment of three (3) criminal history point for his prior felony conviction for stealing in paragraph 39. The disclosure copy of the presentence investigation report indicated that the information regarding attorney representation or waiver of counsel was unavailable. Counsel met with the probation officer to review the documents of the prior conviction. The record did not indicate whether Ketsenburg was represented by counsel or knowingly waived his right to counsel when he entered his plea of guilty and was sentenced to a term of probation on February 3, 1998. The record did reflect, however, that Ketsenburg was represented by counsel when his probation was revoked and he was sentenced to a term of incarceration on November 26, 2002. It is Ketsenburg's position that he entered a plea of guilty to the stealing felony and was sentenced to probation without the benefit of counsel and without knowingly waiving his right to

counsel.  Ketsenburg contends that he was indigent and without the financial means to afford an attorney.   The court record does not indicate whether the state court judge inquired of Ketsenburg whether he was competent to proceed *pro se* and had even a basic understanding of the legal process or the ramifications of a suspended execution of sentence.   Ketsenburg was denied his Sixth Amendment right to counsel and therefore, this  conviction is constitutionally infirm.  Therefore, the felony conviction should not receive any criminal history points.

The Sixth Amendment to the United States Constitution provides "In all criminal prosecutions, the accused shall enjoy the right...to have the assistance of counsel for his defence." "We have construed this to mean that in federal courts counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived." *Gideon v. Wainwright*, 372 U.S. 335, 339-340 (1963).  The Court in *Gideon* found that the right to counsel was a provision of the Bill of Rights which is  "fundamental and essential to a fair trial" and therefore, is "obligatory upon the States by the Fourteenth Amendment." *Id.* at 342.

In *Nichols v. United States*, 511 U.S. 738 (1994), The Supreme Court considered whether an uncounseled misdemeanor conviction in which no prison term was imposed could be used to enhance a sentence in a subsequent conviction.  The Court held that such a misdemeanor conviction could be used to enhance punishment.  However, the Court distinguished felonies and noted in a footnote to the opinion that:

> In felony cases, in contrast to misdemeanor charges, the Constitution requires that an indigent defendant be offered appointed counsel unless that right is intelligently and com-petently waived. *Gideon v Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).  We have held that con-victions gained in violation of *Gideon* cannot be used "either to support guilt or enhance punishment for another offense." *Burgett v. Texas,* 389 U.S. 109 (1967). *Nichols*, *at 743,* fn. 9.

Ketsenburg appeared before the State Court judge in Cause number CR997-2412FX, indigent, and requested an attorney be appointed to represent him. The Court did not appoint Ketsenburg an attorney and Ketsenburg did not knowingly and intelligently waive his right to counsel. Further, the Court did not question Ketsenburg to determine whether he was competent to represent himself. Ketsenburg had no legal training and was not competent to make the decisions on his own about his case without the assistance and counsel of an attorney. This felony conviction is constitutionally infirm and violates the principles of *Gideon* that the accused in a felony case should be offered the right to counsel. Therefore, the felony conviction cannot be used to enhance Ketsenburg's sentence for this federal case. Ketsenburg should not be assessed any criminal history points for this conviction.

If the Court sustains his objection, Ketsenburg will have a criminal history score of four. Ketsenburg received two points pursuant to 4A1.1(d). Ketsenburg objected to the assessment of one criminal history point pursuant to 4A1.1(e). If the Court sustains his objections he will have a total criminal history score of six which places him in category III. The result is an advisory guideline range of 121 to 151 months.

Respectfully submitted,

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Lucy_Liggett@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon, Assistant United States Attorney.

/s/Lucille G. Liggett
LUCILLE G. LIGGETT
Assistant Federal Public Defender