UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09 CR 690 CDP |
| JOSEPH KETSENBURG, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and files its memorandum in response to "Memorandum in Support of Defendant's Objections to the Presentence Investigation Report."

Defendant objected to the assessment of three criminal history points for his prior felony conviction for stealing in paragraph 39 of the Presentence Investigation Report. Defendant claims that the record of conviction does not indicate that he was represented by counsel when he entered a plea of guilty to the felony of stealing.

Once convictions are shown, "the burden shift[s] to [the defendant] to prove by a preponderance of the evidence that his convictions [are] constitutionally invalid." United States v. Stapleton, 316 F.3d 754, 756 (8th Cir. 2003); see also United States v. Reyes-Solano, 543 F.3d 474, 478 (8th Cir. 2008). Likewise, before a Missouri court can accept a waiver of counsel to a felony plea where there will be an order of probation, parole or suspension of sentence whereby subsequently the defendant may be ordered confined thereunder, the sentencing court must make

a determination that the waiver of counsel is knowledgeable and informed.  See MO.REV.STAT. § 600.051.  Therefore, there is a presumption that a waiver of counsel was knowledgeable and informed.

In this instance, the defendant has failed to meet his burden to show that his conviction was constitutionally invalid.  Furthermore, the Court does not have to rely on a presumption that the plea was constitutionally valid.  On this date, the undersigned spoke with the Presentence Investigation Report (PSR) writer.  The PSR writer said that she has obtained records indicating that defendant was represented by counsel at the felony stealing plea.  Therefore, defendant's criminal history was correctly calculated.

Thus, the Government requests that the defendant be sentenced to 120 months imprisonment in accordance with the plea agreement entered into by the parties.

        Respectfully submitted,

        RICHARD G. CALLAHAN
        United States Attorney

        s/ Robert F. Livergood
        ROBERT F. LIVERGOOD, 22937
        Assistant United States Attorney
        111 S. 10th Street, Room 20.333
        St. Louis, Missouri  63102
        (314) 539-2200
        Rob.Livergood@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Lucille G. Liggett
Assistant Federal Public Defender
Officer of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101


         s/*Robert F. Livergood*
         ROBERT F. LIVERGOOD, 22937
         Assistant United States Attorney