IN THE UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT OF MISSOURI - ST. LOUIS

-oOo-

| | |
|---|---|
| JOSEPH KETSENBURG, pro se,<br>Movant; | ) Civil Case No. 4:18-cv-02155-CDP |
| | ) |
| vs. | ) Criminal Case No. 4:09-cr-00690-CDP |
| | ) |
| UNITED STATES OF AMERICA,<br>Respondent | ) Honorable Judge Catherine Perry |

## MOTION TO GRANT PROPOSED TEMPORARY CONDITIONS

## OF SUPERVISED RELEASE

COMES NOW, Joseph Ketsenburg, pro se Movant, in necessity, and prayerfully moves This Honorable Court to grant the proposed temporary conditions of Supervised Release, infra. In support of his motion, Ketsenburg submits the following:

1. Ketsenburg filed his § 2255 motion on December 28, 2018 requesting This Honorable Court vacate the conditions of his Supervised Release and remand to the district court for further proceedings.

2. On January 3, 2019, This Honorable Court entered its Order (see Docket Sheet, item 5) directing the Respondent, within forty-five (45) days,to show cause why Ketsenburg's requested relief should not be granted.

3. Ketsenburg is tentatively scheduled, on January 28, 2019, for transfer from

the United States Penitentiary at Marion to the Residential Release Center in Farmington, Missouri.

4. Should the Respondent default and/or This Honorable Court grants the requested relief, Ketsenburg, upon transfer, would effectively be without any conditions of Supervised Release until such time as the conditions are imposed and ordered by This Honorable Court.

### PROPOSED TEMPORARY CONDITIONS OF SUPERVISED RELEASE

Movant Ketsenburg submits to This Honorable Court the following proposed conditions of Supervised Release, and, further, agrees and consents to abide by these terms until such time as the district court may impose and/or modify terms of Supervised Release in a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. The proposed terms are as follows:

#### Mandatory Conditions

1. The defendant shall not commit another federal, state or local offense (see U.S.S.G. § 5D1.3 and 18 U.S.C. § 3583(d)).

2. The defendant shall not unlawfully possess a controlled substance (see U.S.S.G. § 5D1.3 and 18 U.S.C. § 3583(d)).

3. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and two monthly drug tests thereafter for use of a controlled substance. This

condition shall automatically expire and cease upon completion of one-year of negative drug use (that is, twelve months in which defendant receives no "positive" drug tests, as confirmed by gas-chromotography)(see U.S.S.G. § 5D1.3 and 18 U.S.C. § 3583(d)).

4. The defendant shall report to the probation office (or local site as designated by the court and probation officer) in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer notifies the defendant in writing to report to a different probation office or within a different time frame (see U.S.S.G. § 5D1.3).

5. After intitially reporting to the probation office, the defendant will receive instructions from the court or probation officer, in writing, about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed (see U.S.S.G. § 5D1.3 and 18 U.S.C. § 3583(f)).

6. The defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting written permission from the court or probation officer (see U.S.S.G. § 5D1.3).

7. The defendant shall answer truthfully the questions asked by the probation officer but is under no compulsion to self-incriminate and retains his Fifth Amendment rights (see U.S.S.G. § 5D1.3).

8. The defendant shall live at a place approved by the court or probation

officer. If the defendant plans to change where he lives or anything about his living arrangements (such as anyone the defendant lives with), the defendant shall notify the probation officer within 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of the change or expected change (see U.S.S.G. § 5D1.3).

9. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have a full-time employment he shall provide a documented record of places he has contacted to seek employment for the probation officer, unless excused from doing so by the probation officer. If the defendant changes where he works or the status of his employment (lay-off, termination), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change (U.S.S.G. §5D1.3).

10. The defendant is prohibited from communicating or interacting with others knowingly involved in criminal activity or who is a felon. Association with known felons is permitted only upon approval by the probation officer, in writing and within 30 days of request by defendant. Denials must be in writing by the probation officer and specify with detail reasons for denial.

11. If the defendant is arrested or questioned by a law enforcement officer,

the defendant shall notify the probatio nofficer within 72 hours (U.S.S.G. §5D1.3).

12. The defendant shall not own or possess a firearm, ammunition, or weapon specifically designed, or modified for the specific purpose of causing bodily injury or death to another person (such as taser)but does not include "deadly" items such as kitchen knives, farm-related items, or the like.U.S.S.G. § 5D1.3.

13. The defendant shall not act or make any agreement with a law enforcement officer or agency to act as a confidential human source or informant without first obtaining written permission from the sentencing court, U.S.S.G. § 5D1.3.

14. The probation officer shall notify the defendant in writing of any party at risk and the specific risk presented by the defendant. The defendant shall have 7 days to object or comply and notify the party of the defendant's record of convictions. If the defendant objects, he shall have those 7 days to seek legal advice from an attorney or the Federal Defender's office. If the defendant maintains his objections after those 7 days, objections shall be resolved by the sentencing court. Compliance will be verified with the defendant present, by the probation officer.

Special Conditions

1. The defendant shall cooperate in the collection of DNA, per Public Law 108-405, if such was not collected during imprisonment. U.S.S.G. §5D1.3(a)(8).

2. The defendant shall not have contact with anyone under the age of 18 without

prior authorization from the probation officer. Denials by the probation officer must be provided to the defendant in writing and within 30 days of request and specify in detail reasons for denial.

3. The defendant shall submit his person and any property, house, residence, vehicle and effects to search at any time, with or without a warrant, by any law enforcement officer or probation officer authorized by the court only upon reasonable suspicion concerning a violation of a condition of supervised release or federal/state law. Such reasonable suspicion shall be documented in writing and provided to the defendant prior to any search. The defendant shall have opportunity to have an attorney or third-party of his choice present and observing a search. U.S.S.G. §5D1.3(d)(7)(C) & 18 U.S.C. § 3583(d).

4. The defendant shall notify the probation officer of all computer equipment owned and/or operated by the defendant at the commencement of supervision, and report any additional computer purchases, acquisition and/or use within 72 hours, during the term of supervision. This shall include "smart phones", laptops, and other items being used to access the internet but shall not include "smart TV's", "smart appliances", eBook readers and iPod's unless specifically used to access and browse the internet by the defendant.

5. The defendant shall submit to on-site, unannouced examinations of his computer, internet-enabled devices, or storage media by the probation officer, at a reasonable time and in a reasonable manner, only upon reasonable suspicion of a violation of a condition of supervised release or federal/state law.

Such reasonable suspicion shall be documented in writing and provided to the defendant prior to any search. The defendant shall have opportunity to have an attorney or third-party of his choice present and observing a search. The probation officer is authorized to copy the contents of such devices in execution of a search and must provide the defendant, in writing, documentation of what is copied. The probation officer is specifically prohibited from copying any and all content related to employment and business related matters, including but not limited to, proprietary designs and concepts, SEC and financial disclosures, medical and insurance disclosures, and the like. The probation officer is specifically prohibited from copying any legal work, including but not limited to, pleadings, research, drafts, motions, etc. in the defendant's possession, domicile, or custody. The defendant retains all attorney-client privilege and legal privacy. U.S.S.G. § 5D1.3(d)(7)(C).

6. The defendant shall cooperate with the U.S. Probation Office's Computer Monitoring Program which shall include identifying computer systems, internet-capable devices and storage media the defendant has access to with the exception of work/business/legal-related devices (see item 5, supra) and allow installation of monitoring software/hardware on said devices. The defendant shall not tamper with, reverse engineer, or in any way circumvent monitoring devices. Defendant shall pay for such monitoring services unless waived by the court.

7. The defendant shall be permitted use of internet, email, online banking and social networking for all lawful purposes. The defendant shall not have any communications with anyone he knows to be under the age of 18 without prior

authorization by the probation officer. The defendant shall provide any email address (identity) or "user name" used by the defendant associated with any online account within 24 hours of creation or coming into the defendant's control. The defendant shall not disclose any passwords, PIN numbers, or the like. Such use is contingent upon random searches at reasonable times and only upon reasonable suspicion concerning a violation of a condition of supervised release or federal/state law. Such reasonable suspicion shall be documented in writing and provided to the defendant prior to any search. The probation officer may copy the contents of the defendant's email account(s) with the same limitations on employment/business/legal matters as prohibited in item # 5.

8. After the execution of any electronic search of the defendant's computer/ internet-enabled devices, the defendant is permitted to conduct regular maintenance through the use of deleting and/or electronic cleaning programs. The defendant is prohibited from knowingly using software specifically designed to encrypt data, files, folders or media devices but is permitted to use email encryption for sending/receiving banking/business/legal related emails.

9. The defendant is prohibited from purposefully viewing, possessing, or owning any "visual depiction"of any illegal "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, computer or computer-generated image or picture, whether made or produced by any mechanical, electronic or other means (e.g. child pornography).

10. The defendant is prohibited access, or to loiter within 500-feet of, schools,

school-yards, city parks, playgrounds or other like places used primarily by those under the age of 18. Upon request by the defendant to access places frequented by minors (e.g. church, restaraunt), the probation officer must, in writing and within 30 days, provide the defendant approval or denial. Denials must state such reasons with specificity and particularity reasons for denial.

11. The defendant is authorized and shall not be prohibited access to law-libraries, college libraries (provided no prohibitions by the college apply), and public/private libraries (during those times when minors should likely not be present).

12. The defendant shall comply with the Sexual Offender Registration and Notification Act (SORNA) requirements for convicted sex offenders in any state in which the defendant resides. The defendant shall register in person with local/tribal/county law enforcement in the jurisdiction in which he resides within 3 business days of the defendant's release from custody. The defendant shall provide proof of registration to the probation officer who must, in writing, confirm receipt of such registration to the defendant.

13. The defendant shall participate in sex offender treatment as authorized by the probation officer. The defendant shall comply with all rules, requirements and conditions of the sex offender treatment program. The defendant shall not be required nor disclose previously uncharged crimes in any treatment-related setting or "assignment" including, but not limited to, any sexual autobiography. The defendant shall not undergo polygraph testing. Invoking defendant's Fifth

Amendment is not a violation of supervised release or sex offender treatment rules, conditions, etc. The defendant shall waive his right to confidentiality regarding treatment records and allow probation officer to review the defendant's progress. Unless the probation officer is a licensed psychologist/psychiatrist, he/she is prohibited from recommending or suggesting any course of action related to sex offender treatment. The defendant shall pay for fees associated with such treatment on a "sliding scale" fee which may be wiaved by the court.

14. Those conditions specifically not enumerated herein may not be imposed arbitrarily by anyone outside of a hearing for modification by the sentencing court with the defendant present. The defendant retains **all** rights not specifially waived herein. All unclear conditions shall be purposefully construed in favor of the defendant's liberty interests.

### PRAYER FOR RELIEF

WHEREFORE NOW, Movant Joseph Ketsenburg prayerfully moves This Honorable Court grant these proposed temporary conditions of supervised release until such time as a hearing may be commenced in which to impose proper conditions for superyised release. An opinion regarding imposition of supervised release conditions by the retired Honorable Judge Richard Posner is attached hereto, and incorporated herein as if fully reproduced.

Respectfully submitted this day _January 25, 2019_

Joseph Ketsenburg, pro se Movant

## VERIFICATION

I, Joseph Matthew Ketsenburg, hereby affirm by solemn oath that the foregoing

statements are my own, that they are true and correct, under penalty of perjury

pursuant to Title 28 U.S.C. § 1746.


Executed under signature and seal this 25th day in the month

of ___JANUARY_____ , 20 19

L.S.

Joseph Matthew Ketsenburg, pro se
Register No. 36806-044
United States Penitentiary Marion
P.O. Box 1000
Marion, Illinois 62959-75000

///

///

///

///

///

///

///

///

///

///

///

///